**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Quebecor World (USA) Inc., <u>et al.</u>,<br><br>       Debtors. | Chapter 11<br><br>Case No. 08-10152 (JMP)<br><br>Jointly Administered |

**STIPULATION AND CONSENT ORDER**
**BETWEEN THE DEBTORS AND NEWPAGE CORPORATION**

This stipulation and consent order (the "Stipulation") is entered into and agreed to by and between Quebecor World (USA) Inc., <u>et al.</u> (the "Debtors"), the Debtors in the above-captioned cases, and NewPage Corporation ("NewPage") by and through their undersigned attorneys, as follows:

WHEREAS, on January 21, 2008 (the "Petition Date"), the Debtors filed their voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' cases are being jointly administered pursuant to an order of this Court, and pursuant to Sections 1107 and 1108 of the Bankruptcy Code the Debtors continue to operate their businesses and manage their properties as debtors-in-possession; and

WHEREAS, on January 31, 2008, an Official Committee of Unsecured Creditors (the "Creditors' Committee") was appointed in these cases; and

WHEREAS, NewPage is a supplier of certain paper products to the Debtors and has a long-standing trade relationship with the Debtors; and

WHEREAS, on or about February 8, 2008, NewPage sent the Debtors a reclamation demand for goods received by the Debtors from NewPage within 45 days before the Petition Date (the "Reclamation Demand"); and

WHEREAS, on or about December 4, 2008, NewPage filed a section 503(b)(9) proof of claim form, Claim No. 6967, in the amount of approximately $3,744,787 against the Debtors (the "503(b)(9) Claim"); and

WHEREAS, as of the Petition Date, the Debtors owed NewPage $3,508,006 on account of all products shipped by NewPage to the Debtors pre-petition, including but not limited to, the invoices included in the Reclamation Demand and any Section 503(b)(9) Claim; and

WHEREAS, NewPage owes the Debtors $6,682,740 in rebates due to the Debtors for purchases from NewPage prior to the Petition Date; and

WHEREAS, NewPage and the Debtors have agreed to resolve the Reclamation Demand, the 503(b)(9) Claim and all other pre-petition claims of NewPage on the terms and conditions set forth in this Stipulation, including specifically the setoff of the pre-petition rebates owed to the Debtors by NewPage against the pre-petition amounts the Debtors owe to NewPage, and to otherwise resolve the Reclamation Demand.

NOW THEREFOR, it is hereby stipulated that:

1. NewPage is hereby granted a fixed and allowed 503(b)(9) Claim for all purposes in the sum of U.S. $3,508,006 (the "Allowed Claim"). The Allowed Claim shall not be subject to further objection, reduction, defense or dispute and NewPage shall not be required to file or submit any further proofs of claim or documentation to the Bankruptcy Court, the Debtors, any successor in interest to the Debtors or their estates, or any other party-in-interest as to the Allowed Claim.

2. The Debtors and NewPage hereby agree to setoff the pre-petition rebates in the amount of $6,682,740 owed by NewPage to the Debtors against the Allowed Claim in the aggregate amount of $3,508,006 owing to NewPage pre-petition, which will result in total pre-

2

petition rebates owing to Debtors in the amount of $3,174,734 (the "Setoff Settlement Payment"). NewPage shall pay the Setoff Settlement Payment in full within five (5) days from the later of (i) the date an order approving this Stipulation becomes a final, nonappealable order, and (ii) the date of the execution of the Letter Agreement referenced in paragraph 3 and the approval of and consent to such Letter Agreement by the Monitor as set forth in paragraph 3. The parties further agree that NewPage is granted relief from the automatic stay of 11 U.S.C. § 362(a)(7) to effectuate the foregoing setoff.

3. This Stipulation is contingent on the execution of a letter agreement (the "Letter Agreement"), and the approval of and consent to such Letter Agreement by the Monitor as set forth below, resolving outstanding rebate issues between NewPage and Debtors' parent corporation, Quebecor World Inc. ("QWI") in the form attached hereto as Exhibit A, and providing that: (a) NewPage owes QWI $2,130,575 (CDN) for rebates arising prior to January 21, 2008, namely the date the Initial Order as amended was issued by the Superior Court, Commercial Division, for the Judicial District of Montreal, further to a filing by QWI on January 20, 2008 of a proceeding for a plan of compromise or arrangement under the Canadian Companies' Creditors Arrangement Act (the "Canadian Proceeding"); (b) QWI owes NewPage $1,484,865 (CDN) for paper delivered prior to January 21, 2008; (c) to resolve the foregoing obligations between QWI and NewPage, NewPage shall pay QWI the sum of $645,710 (CDN) within five (5) days of the later of (i) the date of the execution of the Letter Agreement and the approval of and consent to such Letter Agreement by the Monitor as set forth in this paragraph 3 and (ii) the date an order approving this Stipulation becomes a final, non-appealable order; and (d) the Letter Agreement has been consented to, executed, and approved by the Monitor appointed by the Court in the Canadian Proceeding.

4. This Stipulation resolves in all respects the Reclamation Demand (including all of the invoices attached to the Reclamation Demand), the 503(b)(9) Claim, and all other pre-petition claims, obligations or transfers owing from either (i) NewPage to the Debtors, or (ii) the Debtors to NewPage, and the parties release and discharge each other with respect thereto; <u>provided, however</u>, the Debtors reserve all their rights with regards any claims involving the quality (or defects therein) of the paper received pre-petition but not yet consumed; and <u>provided further, however,</u> that this Stipulation does not resolve, release or discharge any claims the Debtors may have under Section 547 of the Bankruptcy Code against NewPage, or any defenses New Page may have thereto, nor shall anything herein be deemed in any respect an admission that any such claims exist.

5. The Stipulation is subject to approval of the Bankruptcy Court, and, this Stipulation shall become effective on the date of entry of the Court's Order approving this Stipulation.

6. This Stipulation shall be binding on all parties in interest in Debtors' cases including, without limitation, any trustee or other estate representative that may be appointed in these cases, or any of the Debtors' successors in interests or assigns or any fiduciary that may be appointed on its behalf.

7. All contentions made in this Stipulation are made in furtherance of a proposed settlement and are made subject to an express reservation of rights to assert any claims, arguments and defenses in the event the proposed settlement is not approved by the Bankruptcy Court.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

Dated: New York, New York
　　　　March 25, 2009

By: /s/ George P. Angelich
　　　Robert M. Hirsh
　　　George P. Angelich
　　　Arent Fox LLP
　　　1675 Broadway
　　　New York, NY 10019
　　　(212) 484-3900

*Counsel to NewPage Corporation*

**SO ORDERED:**

Dated: New York, New York
　　　　April 9, 2009

By: /s/ Joel M. Gross
　　　Michael J. Canning
　　　Joel M. Gross
　　　Arnold & Porter LLP
　　　399 Park Avenue
　　　New York, NY 10022-4690
　　　(212) 715-1000

*Counsel to the Debtors and Debtors-In-Possession*

　　　*S/ James M. Peck*
　　　Honorable James M. Peck

## Exhibit A

Greg Hadley
Assistant Secretary
NewPage Corporation

Dear Mr. Hadley:

This sets forth the agreement (the "Letter Agreement") between NewPage Corporation ("NewPage") and Quebecor World Inc. ("QWI"). We have agreed to settle the obligations referenced herein on the following basis as permitted by the Initial Order, defined below:

1. NewPage is a supplier of certain paper products to QWI and has a long-standing trade relationship with QWI and its subsidiaries.

2. NewPage owes QWI $2,130,575 (CDN) for rebates arising prior to January 21, 2008, namely the date (the "Entry Date") that the Initial Order, as amended (the "Initial Order") was issued by the Superior Court, Commercial Division, for the Judicial District of Montreal, further to a filing by QWI on January 20, 2008 of a proceeding for a plan of compromise or arrangement under the Canadian Companies' Creditors Arrangement Act (the "Canadian Proceeding").

3. QWI owes NewPage $1,484,865 (CDN) for paper delivered prior to the Entry Date.

4. As a result of the foregoing obligations between QWI and NewPage, NewPage shall pay QWI the sum of $645,710 (CDN) within five (5) days of the later of (i) the date of execution of this Letter Agreement and (ii) the date an order entered by the United States Bankruptcy Court for the Southern District of New York (the "U.S. Court") approving a Stipulation (the "Stipulation"), which is being entered into between NewPage and Quebecor World (USA) Inc. and its subsidiaries which on January 21, 2008 filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code, becomes a final non-appealable order. A copy of the Stipulation is attached hereto. Such payment shall be made by check payable to QWI, and sent by Federal Express next day delivery to Roland Ribotti, Quebecor World Inc., 999 de Maisonneuve Blvd. West, Suite 1100, Montreal, Quebec, Canada H3A 3L4 (514-877-5143).

5. This Letter Agreement resolves in all respects all obligations arising prior to the Entry Date owing from either (i) NewPage to QWI, or (ii) the QWI to NewPage and the parties release and discharge each other with respect thereto; provided, however, QWI reserves all its

rights with regards to any claims involving the quality (or defects therein) of the paper received prior to the Initial Order but not yet consumed.

6. This Letter Agreement shall be binding on any of QWI's successors in interests or assigns.

7. This Letter Agreement has been approved by the Monitor appointed by the Court in the Canadian Proceeding, as evidenced by the signature of the Monitor below.

8. In the event an order approving the Stipulation is not entered by the U.S. Court, this Letter Agreement shall be null and void and of no further effect.

9. This Letter Agreement may be signed in counterparts, and transmitted electronically in PDF format, each of which shall be deemed an original but all of which together constitute one and the same instrument, and it shall be sufficient proof of this Letter Agreement to present copies signed by the parties.

**If this accurately reflects our Agreement, please sign below.**

_____
Greg Hadley, Assistant Secretary
NewPage Corporation

Quebecor World Inc.

Approved By:

_____
**Marie Chlumecky**
Director, Corporate Services and Corporate Secretary

_____
Roland Ribotti
Vice President, Corporate Finance and Treasurer

_____
FOR: Ernst & Young Inc., in its capacity as Court appointed Monitor and not in its personal capacity