A·S·K FINANCIAL LLP
Joseph L. Steinfeld, Jr., Esq.
(*Admitted Pro Hac Vice*)
John T. Siegler, Esq.
Karen M. Scheibe, , Esq.
(*Admitted Pro Hac Vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
**Telephone:** (651) 406-9665  ext. 845  **Fax:** (651) 406-9676
**e-mail**: jsteinfeld@askfinancial.com

Edward E. Neiger, Esq.
111 John Street, Suite 800
New York, New York 10038
**Telephone:** (212) 267-7342  **Fax:** (212) 918-3427
**e-mail**: eneiger@askfinancial.com

Attorneys For Plaintiff, Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Quebecor World (USA), Inc., et al.[1],<br><br>Debtors. | Bk. No. 08-10152-JMP<br>(Jointly Administered)<br><br>Chapter 11<br><br>Honorable James M. Peck |
| Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust,<br><br>Plaintiff,<br><br>vs.<br><br>Defendants Listed on Exhibit "A". | Adv Nos. **Refer to Exhibit "A"** |

**ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY EUGENE I. DAVIS, AS LITIGATION TRUSTEE FOR THE QUEBECOR WORLD LITIGATION TRUST, PURSUANT TO SECTIONS 502, 547, 548, 549 AND 550 OF THE BANKRUPTCY CODE AND EXTENDING THE 120-DAY TIME LIMIT FOR SERVICE OF THE SUMMONSES AND COMPLAINTS**

---

[1] The Debtors are the following entities: Quebecor World (USA) Inc., Quebecor Printing Holding Company, Quebecor World Capital Corporation, Quebecor World Capital II GP, Quebecor World Capital II LLC, WCZ, LLC, Quebecor World Lease GP, Quebecor World Lease LLC, QW Memphis Corp., The Webb Company, Quebecor World Printing (USA) Corp., Quebecor World Loveland Inc., Quebecor World Systems Inc., Quebecor World San Jose Inc., Quebecor World Buffalo Inc., Quebecor World Johnson & Hardin Co., Quebecor World Northeast Graphics Inc., Quebecor World UP Graphics Inc., Quebecor World Great Western Publishing Inc., Quebecor World DB Acquisition Corp., WCP-D, INC., Quebecor World Taconic Holdings Inc., Quebecor World Retail Printing Corporation, Quebecor World Arcata Corp., Quebecor World Nevada Inc., Quebecor World Atglen Inc., Quebecor World Krueger Acquisition Corp., Quebecor World Book Services LLC, Quebecor World Dubuque Inc., Quebecor World Pendell Inc., Quebecor World Fairfield Inc., QW New York Corp., Quebecor World Dallas II Inc., Quebecor World Nevada II LLC, Quebecor World Dallas, L.P., Quebecor World Mt. Morris II LLC, Quebecor World Petty Printing Inc., Quebecor World Hazleton Inc., Quebecor World Olive Branch Inc., Quebecor World Dittler Brothers Inc., Quebecor World Atlanta II LLC, Quebecor World RAI Inc., Quebecor World KRI Inc., Quebecor World Century Graphics Corporation, Quebecor World Waukee Inc., Quebecor World Logistics Inc., Quebecor World Mid-South Press Corporation, Quebecor Printing Aviation Inc., Quebecor World Eusey Press Inc., Quebecor World Infiniti Graphics Inc., Quebecor World Magna Graphic Inc., Quebecor World Lincoln Inc, and Quebecor World Memphis LLC.

Upon the procedures motion (the "Procedures Motion")[2] dated January 27, 2010, of Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust (the "Plaintiff" or "Litigation Trustee"), by and through his undersigned counsel, ASK Financial, LLP ("ASK"), for a procedures order (the "Procedures Order") pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7004(m), 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and General Order M-390 of the United States Bankruptcy Court for the Southern District of New York, establishing streamlined procedures governing all adversary proceedings brought by Plaintiff under sections 502, 547, 548, 549 and 550 of the Bankruptcy Code, which are identified in Exhibit "A" annexed to the Procedures Motion (collectively, the "Avoidance Actions"); and this Court having jurisdiction to consider and determine the Procedures Motion as a core proceeding in accordance with 28 U.S.C. §§ 157, 1331 and 1334; and a hearing having been held on March 16, 2010, at which all parties were permitted to present their arguments and contentions; and it appearing that the relief requested by the Procedures Motion is necessary and in the best interests of the parties; and due notice of the Procedures Motion having been provided; and it appearing that no other or further notice of the Procedures Motion need be provided; and sufficient cause appearing therefor, it is hereby:

**ORDERED**, that the Procedures Motion be, and hereby is, granted in all respects; and it is further

**ORDERED**, the procedures governing all parties to the Avoidance Actions are as follows:

    **A.**    **Effectiveness of the Procedures Order**[3]

(i.)    This Procedures Order approving the Procedures Motion shall apply to all defendants in the Avoidance Actions, except as otherwise provided herein.[4]

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

[3] Pursuant to the Plan/Trust Agreement, Plaintiff is authorized to settle the Avoidance Actions in accordance with the procedures set forth therein. Therefore, this Procedures Order does not include any additional procedures for settlement of Avoidance Actions. Upon the settlement of any of the Avoidance Actions, Plaintiff will take the appropriate steps, pursuant to the Court's procedures and applicable law, to have the Avoidance Actions closed.

[4] This Procedures Order pertains only to the Avoidance Actions identified in Exhibit "A" annexed to the Motion. The Private Noteholders' litigation is exempt from this Procedures Order.

(ii.) If Plaintiff serves a defendant in the Avoidance Actions with a summons and complaint and a copy of the Procedures Motion less than 20 days prior to the hearing on the Procedures Motion (such defendant being referred to herein as an "Other Defendant"), (i.) the Other Defendant may object to being subject to the provisions of the Procedures Order; (ii.) the deadline for filing such objection by the Other Defendant shall be 15days from the date the Procedures Motion is served on such defendant, as more fully set forth in the Other Defendant Notice (as hereinafter defined); (iii.) if a timely objection is filed in accordance with the Other Defendant Notice, the Court shall hear such objection at the first Avoidance Actions Omnibus Hearing (as hereinafter defined below), which is at least 10 days following the date such objection is filed with the Court and served on counsel to Plaintiff; (iv.) if such objection is filed and cannot be resolved among the parties, the Court shall determine whether and to what extent the Procedures Order shall apply to such defendant. Plaintiff shall serve all Other Defendant with a notice, substantially in the form attached to the Procedures Motion as Exhibit "C", informing such defendant of the time to object to the application of the Procedures Order to such defendant, as set forth above (the "Other Defendant Notice").

**B.      Extensions to Answer or File Other Responsive Pleading to the Complaint**

(i.) The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons.

**C.      Waiver of Requirement to Conduct Scheduling Conference**

(i.) Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan), is hereby waived and is not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**D.      Waiver of Requirement to Conduct Pretrial Conference**

(i.) Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016, (*i.e.,* pretrial conferences) shall not apply to the Avoidance Actions. However, the first Avoidance Actions Omnibus Hearing (as hereinafter defined below) shall be held on May 20, 2010 at 10:00 a.m. during which Plaintiff will present a status report concerning the Avoidance Actions to the Court. Defendants in each of the Avoidance Actions are not required to appear.

**E.      Discovery and Mediation Schedule**

(i.) In accordance with Bankruptcy Rule 7026(a)(1), the disclosures required under such Rule (the "Initial Disclosures") shall be made the later of 30 days after: (1) the date an answer to a complaint is filed in an Avoidance Action or (2) the Procedures Order is entered on the docket of this Court.

(ii.) The parties to the Avoidance Actions shall have through and including November 1, 2010 to complete non-expert fact discovery, including depositions of fact witnesses.

(iii.) All written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the Procedures Order is

entered on the docket of this Court. All written interrogatories, document requests and requests for admission, if any, must be served upon the adverse party no later than September 1, 2010.

(iv.) The standard provisions of Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rul 7033, shall apply to the Avoidance Actions. Responses to interrogatories are due 60 days after service.

(v.) The standard provisions of Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, shall apply to the Avoidance Actions. Document production and responses to document requests are due 60 days after service.

(vi.) The standard provisions of Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions. Responses to requests for admission are due 60 days after service.

(vii.) Any open Avoidance Actions that have not been resolved and/or settled by September 1, 2010 (the "Remaining Avoidance Actions"), shall be referred to mediation. Upon mutual agreement of the parties to any Avoidance Action, mediation may be conducted prior to September 1, 2010.

(viii.) Between September 1, 2010 and September 14, 2010, defendants in the Remaining Avoidance Actions shall choose 1 of 6 mediators (each a "Mediator", collectively, the "Mediators") from the list of proposed Mediators qualified to handle these types of avoidance claims (the "Mediator List"), which list is annexed to the Procedures Motion as Exhibit "D". Concurrently, defendants in the Remaining Avoidance Actions shall notify Plaintiff's counsel of the defendant's choice of Mediator by contacting Plaintiff's counsel's paralegal, Laurie N. Porten, in writing, via email at lporten@askfinancial.com or via facsimile correspondence at 651-406-9676 or via letter correspondence addressed to ASK Financial LLP, 2600 Eagan Woods Drive, Suite 400, St. Paul, MN 55121, with copy to Plaintiff's counsel, Karen M. Scheibe, Esq., at kscheibe@askfinancial.com. If a defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiff will assign such Remaining Avoidance Action to one of the Mediators from the Mediator List and will notify said defendant of such assignment.

(ix.) On September 15, 2010, Plaintiff, working with the Mediators, will commence scheduling mediations. Each Mediator will provide to Plaintiff the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations.

(x.) Plaintiff will give at least 21 days written notice of the first date, time and place of the mediation in each Remaining Avoidance Action (the "Mediation Notice"), which notice shall be filed on the docket of such proceeding.

(xi.) Within 5 days after the conclusion of each mediation, the Mediator shall file a report (the "Mediator's Report") in the Remaining Avoidance Action, which shall be limited to stating only whether the Remaining Avoidance Action settled or did not settle.

(xii.) All mediations of the Remaining Avoidance Actions must be concluded by June 1, 2011.

(xiii.) Should mediation fail to resolve a Remaining Avoidance Action, Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule

7026, disclosures and reports of the parties' case-in-chief experts, if any, shall be made to the adverse party within 30 days after the Mediator's Report is filed.

(xiv.) Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' rebuttal experts, if any, shall be made to the adverse party within 60 days after the Mediator's Report is filed.

(xv.) All expert discovery, including expert witness depositions, shall be concluded within 90 days after the Mediator's Report is filed.

(xvi.) All remaining fact and expert discovery must be completed, and discovery will close, the earlier of 120 days after the Mediator's Report is filed or on October 1, 2011

(xvii.) The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

**F.**     **Mediation Procedures and Requirements**

(i.) Since the Remaining Avoidance Actions are proceedings before this Court, New York is the proper forum for mediation.

(ii.) The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. At least one counsel for each party *and* a representative of each party having *full* settlement authority shall attend the mediation in person except that, a Mediator, in his or her discretion, may allow a party representative to appear telephonically.

(iii.) The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

(iv.) The Mediator, in the Mediation Notice (by language provided to Plaintiff by the Mediator) or in a separate notice that need not be filed, may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

(v.) Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Procedures Order with respect to mediation, may result in a default judgment being obtained against the defendant or dismissal of the action. The Mediator shall promptly file with the Court a notice when any party fails to comply with the mediation provisions set forth in the Procedures Order.

(vi.) The fees and reasonable expenses of the Mediator shall be shared equally by the parties on a per case basis. The Mediator's fees shall be fixed as follows:

- Cases with a claim amount (as reflected in the complaint) of less than $250,000: $1,250 per party, per case;

- Cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000: $2,000 per party, per case; and

- Cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000: $3,000 per party, per case.

(vii.) If the parties mutually request that a Mediator travel from New York City to some other location for mediation, and the Mediator agrees to the location, the Mediator's fee shall increase by $500 per party; per case.

(viii.) The full fees and expenses of the Mediator shall be paid by any party that cancels or fails to appear at mediation unless the party notifies the Mediator of the cancellation by facsimile or email no less than 5 days prior to the scheduled mediation date (not counting the day scheduled for mediation) or unless a party demonstrates good cause for failure to timely cancel or attend mediation.

(ix.) Each party shall pay its portion of the Mediator's fee at least 5 days before the commencement of mediation. The parties shall each pay half (50%) of the Mediator's reasonable expenses, per case, within 14 days after billing by the Mediator; provided however, if a defendant fails to timely pay a bill for a Mediator's fees or expenses, Plaintiff shall pay the bill and may recover such sum as part of a default judgment. The parties and the Mediator may enter into an agreement for the Mediator to continue his or her efforts after the conclusion of the formal mediation session, on such terms as may be agreed upon among the Mediator and all parties.

(x.) Without the prior consent of both parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any defendant in the Avoidance Actions, then: (a) the Mediator shall not personally participate in the representation of that defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to the Procedures Order shall not create a conflict of interest with respect to the representation of such defendants by the Mediator's law firm.

(xi.) The Mediator shall not be called as a witness by any party. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under the Procedures Order. Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, a Mediator may be called as witness by any party and may be compelled to testify and/or answer discovery on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order.

(xii.) All proceedings and writing incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence.

### G. Permission from the Court Required before Filing Motions in Avoidance Actions

(i.) Local Bankruptcy Rule 7007-1(b) and 7056-1(a) shall be extended to include all motions. Thus, no motions may be made in any of the Avoidance Actions without a prior informal pre-motion conference with the Court. The informal pre-motion conference may be held via telephone conference with the Court.

H. **Electronic Service**

(i.) Notices of Avoidance Actions Omnibus Hearings (as hereinafter defined below), and any motions or other pleadings filed by Plaintiff in the Avoidance Actions may be served by e-mail.[5] However, a printed copy of the summons, complaint, the Procedures Motion, the Proposed Procedures Order, and this Procedures Order shall be served by U.S. Mail, postage prepaid, upon all parties entitled to notice thereof.

(ii.) Service by e-mail shall be effective as of the date such e-mail is sent to the e-mail address provided by the Avoidance Actions defendants in the Information Form (as hereinafter defined).

(iii.) Plaintiff shall send to each defendant in the Avoidance Actions, together with the Procedures Order, a notice and information form, a copy of which is attached to the Procedures Motion as Exhibit "E" (collectively, the "Information Form"), and a pre-addressed, postage prepaid envelope. The Information Form must be completed by or on behalf of each defendant in the Avoidance Actions and returned to Plaintiff's counsel within 30 days after the date an answer to a complaint is filed in an Avoidance Action.

---

[5] Any defendant that is an individual and is not represented by counsel shall not be subject to the provisions of Section H of this Procedures Order regarding service by e-mail, except if such defendant provides the applicable Designated Notice Party's e-mail address to Plaintiff on an Information Form (as hereinafter defined).

(iv.) The Information Form must be completed and returned to Plaintiff with valid contact information, including a name, address, phone number, facsimile number (if available), and an e-mail address for the defendant or the parties designated by the defendant to be contacted in connection with the Avoidance Actions (the "Designated Notice Parties"). **Only the Designated Notice Parties listed on the Information Form will receive notice of pleadings, conferences, and other information in connection with the Avoidance Actions. All such documents will be served solely by e-mail**.[6]

(v.) Parties may serve notices, motions or pleadings in the Avoidance Actions by electronic means, including email and/or through the Electronic Case Filing System ("ECF"), consistent with Federal Rule of Civil Procedure 5(b)(2)(f), made applicable to the Avoidance Actions by Federal Rule of Bankruptcy Procedure 7005, and General Order M-242 of the United States Bankruptcy Court for the Southern District of New York.

**I.   Extension of the Time Period for Service of the Summonses and Complaints in the Avoidance Actions**

(i.) The time period for Plaintiff to serve the summonses and complaints in the Avoidance Actions shall be extended by 60 days such that service of a summons and complaint must be made upon a defendant in an Avoidance Action within 180 days after the filing of the complaint.

**J.   Avoidance Actions Omnibus Hearings**

(i.) All matters concerning any Avoidance Actions shall only be heard at an omnibus hearing before the Honorable James M. Peck (collectively, the "Avoidance Actions Omnibus Hearings"), at which there may be status conferences, final pre-trial conferences and hearings on motions, if any. The first Avoidance Actions Omnibus Hearing shall be held on May 20, 2010 at 10:00 a.m. Thereafter, Avoidance Actions Omnibus Hearings shall be scheduled approximately every 90 days at the convenience of the Court.

(ii.) Defendants are not required to appear at any Avoidance Actions Omnibus Hearings unless: (a) a motion pertaining to the defendant's Avoidance Action is calendared to be considered at the Avoidance Actions Omnibus Hearing; or (b) the Court has directed the defendant to appear; and (c) Plaintiff has provided 5 days prior written notice by email, facsimile transmission or overnight courier to the defendant or its counsel of its need to appear at an Avoidance Actions Omnibus Hearing. To the extent a defendant in any Avoidance Action wishes to appear at an Avoidance Actions Omnibus Hearing, the defendant or its counsel must notify Plaintiff's counsel of the same, in writing, 5 days prior to said hearing so that Plaintiff may properly prepare to address any issues or concerns at the Avoidance Actions Omnibus Hearing or in advance thereof.

(iii.) All motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time other than an Avoidance Actions Omnibus Hearing shall automatically, and without Court order, be scheduled to be heard at an Avoidance Actions Omnibus Hearing that is at least 30 calendar days after such motion, pleading, request for relief or other materials are filed and served.

---

[6] If a Designated Party does not have an e-mail address, this fact must be clearly indicated by checking the appropriate box on the Information Form. In this case, the Designated Party shall be served by U.S. mail, overnight mail, facsimile, or hand-delivery to the address on the Information Form (the choice of the foregoing being in the sole discretion of Plaintiff).

(iv.)  Plaintiff shall file a report one week prior to each Avoidance Actions Omnibus Hearing setting out the status of each of the Avoidance Actions and shall contemporaneously deliver a copy of the report to the Court's chambers.

(v.)  After all discovery has been completed in an Avoidance Action, and mediation has concluded but was not successful, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing. At such time, the Court will address additional issues arising subsequent to the Procedures Order, set addition deadlines, if necessary, establish a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

**K.  Miscellaneous**

(i.)  The Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders. In all other circumstances, the Bankruptcy Rules and/or General Administrative Order M-390 of the Court dated December 1, 2009 shall govern the Avoidance Actions (as applicable).

(ii.)  The deadlines contained in the Procedures Order may be extended by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation need not be filed with the Court.

(iii.)  Pursuant to the Plan/Trust Agreement, Plaintiff is authorized to settle the Avoidance Actions in accordance with the review and approval procedures of the Governing Board set forth therein. Accordingly, no approval of the Court or further Court order under Bankruptcy Rule 9019 or otherwise shall be necessary with respect to any settlement by Plaintiff of any of the Avoidance Actions; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
March 19, 2010

                                     *s/ James M. Peck*
                                     Honorable James M. Peck
                                     United States Bankruptcy Judge